**Exhibit A**

**Revised Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 15 |
| VOXTUR ANALYTICS CORP., *et al.*[1] | Case No. 25-11996 (JKS) |
| Debtors in a foreign proceeding. | (Jointly Administered)<br>**Re: Docket No. 7** |

## ORDER GRANTING PROVISIONAL RELIEF

Upon the *Motion for Provisional Relief Including Authority to Obtain Post-Petition Financing and Use Cash Collateral* (the "Motion")[2] filed by Voxtur Analytics Corp., in its capacity as the authorized foreign representative (the "Foreign Representative") appointed in the Canadian insolvency proceeding of itself and its direct and indirect subsidiaries (collectively, the "Debtors"), *In the Matter of a Plan of Compromise or Arrangement of Voxtur Analytics Corp., et al.*, Ontario Supreme Court of Justice, Court File No. CL-25-00753573-0000 (the "Canadian

---

[1] The Debtors in these Chapter 15 Cases, along with the last four digits of their federal tax identification numbers or other unique identifier are: Voxtur Analytics Corp., an Ontario corporation (8993); Appraisers Now Ltd., an Alberta limited company (7171); Appraisers Now US, LLC, a Delaware limited liability company (8411); Blue Water Financial Technologies Holding Company, LLC, a Minnesota limited liability company (6970); Blue Water Financial Technologies Services, LLC, a Minnesota limited liability company (1646); Blue Water Financial Technologies, LLC, a Delaware limited liability company (1901); Clarocity Inc., a Delaware corporation (2105); Commonwealth USA Settlements, LLC, a Pennsylvania limited liability company (6173); iLOOKABOUT (US) Inc., a Delaware corporation (9588); iLOOKABOUT Inc., an Ontario corporation (8046); Legend Title Company, LLC, a Colorado limited liability company (6134); MTAG Paralegal Professional Corporation, an Ontario corporation (7698); MTE Paralegal Professional Corporation, an Ontario corporation (7210); Municipal Tax Equity Consultants Inc., an Ontario corporation (9627); Orange & Blue Holdings 3.0, LLC, a Florida limited liability company (6022); Orange & Blue Holdings 4.0, LLC, a Florida limited liability company (1696); Orange & Blue Holdings 5.0, LLC, a Florida limited liability company (0278); Valuation Vision Inc., a California corporation (5555); Voxtur Analytics US Corp., a Delaware corporation (1392); Voxtur Settlement Services of Alabama, LLC, an Alabama limited liability company (1630); Voxtur Settlement Services of Arkansas, LLC, an Arkansas limited liability company (4979); Voxtur Settlement Services, LLC, a Florida limited liability company (9303); Voxtur Technologies US, Inc., a Delaware corporation (2142); Voxtur Title Agency, LLC, a Delaware limited liability company (1965); and Voxtur Valuation, LLC, a Kansas limited liability company (8633). The Foreign Representative's mailing address is: 543 Ridout Street North, London, Ontario, N6A 2P8.

[2] Capitalized terms used but not defined in the Order shall have the meaning set forth in the Motion.

Proceeding"), seeking entry of an order granting provisional relief (this "Order") under the Bankruptcy Code to protect the Debtors and their property within the territorial jurisdiction of the United States pending recognition of the Canadian Proceedings; and upon this Court's review and consideration of the Motion, the Petition, the Declaration of Gary Yeoman and exhibits thereto, including the Canadian Order commencing the Canadian Proceeding (attached hereto as Exhibit 1), the DIP Term Sheet (attached hereto as Exhibit 2), and the initial DIP budget (attached hereto as Exhibit 3), and the evidence presented and the arguments of counsel at the hearing, if any (the "Hearing"); and this Court having jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested in the Motion being a core proceeding under 28 U.S.C. § 157(b)(2)(P); venue being proper before this Court pursuant to 28 U.S.C. § 1410(1), (2), and (3); appropriate, sufficient, and timely notice of the Motion and the Hearing having been given in accordance with Rules 1011(b) and 2002(q) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9013-1(m) of the Local Rules of Bankruptcy Procedure (the "Local Rules"); and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors; and it appearing that the relief requested in the Motion is necessary and beneficial to the Debtors and their stakeholders; and no objections or other responses having been filed that have not been overruled, withdrawn, or otherwise resolved; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.   The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law under Bankruptcy Rule 7052 and made applicable to these proceedings under Bankruptcy Rule 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.

B. There is a substantial likelihood that the Foreign Representative will successfully demonstrate that the Canadian Proceedings constitute a "foreign main proceeding" as defined in 11 U.S.C. § 1502(4) of the Bankruptcy Code and that the Court will determine that the additional relief sought, including the relief under 11 U.S.C. § 362, is necessary to effectuate the purpose of Chapter 15 and the assets of the Debtors and the interests of creditors as contemplated by 11 U.S.C. § 1521 (a "Recognition Order").

C. The commencement or continuation of any action or proceeding in the United States against the Debtors should be enjoined under 11 U.S.C. §§ 105(a) and 1519 to permit the expeditious and economical administration of the Canadian Proceedings, and such relief will either (a) not cause an undue hardship to other parties in interest or (b) any hardship to parties is outweighed by the benefits of the relief requested.

D. Consistent with findings made and relief granted under the Canadian Order, unless immediate injunctive relief is issued with respect to the Debtors, and to the same extent provided in the Canadian Order, there is a material risk that the Debtors' creditors or other parties in interest in the United States could use the Canadian Proceedings and these Chapter 15 Cases as a pretext to exercise certain remedies with respect to the Debtors.

E. Such acts could (a) interfere with the jurisdictional mandate of this Court under Chapter 15 of the Bankruptcy Code, (b) interfere with and cause harm to the administration of the Canadian Proceeding, (c) interfere with the Debtors' operations, and (d) undermine the Debtors' efforts to achieve an equitable result for the benefit of all of their creditors. Accordingly, there is a material risk that the Debtors may suffer immediate and irreparable injury, and it is therefore necessary that the Court enter this Order.

F.  The Foreign Representative has demonstrated, on a provisional basis, that the terms of the DIP Facility, as approved by the Canadian Order, are fair and reasonable and were entered into in good faith among the Debtors and the DIP Lender, and that the DIP Lender would not have extended financing without the protections provided by 11 U.S.C. § 364, made applicable by 11 U.S.C. § 1519(a)(3).

G.  The Foreign Representative has demonstrated that, in the interest of comity, the purpose of Chapter 15 is carried out by granting recognition and giving effect to the Canadian Order, including the findings contained therein.

H.  The interest of the public will be served by this Court's entry of this Order.

I.  The Foreign Representative and the Debtors are entitled to the full protections and rights available under 11 U.S.C. § 1519(a)(1)-(3).

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.  Beginning on the Petition Date and continuing until the date of the entry of an order of this Court recognizing the Canadian Proceedings as "foreign main proceedings" as defined in 11 U.S.C. § 1502(4), and the Foreign Representative as a "foreign representative" as defined in section 11 U.S.C. § 101(24) (unless otherwise extended under 11 U.S.C. § 1519(b)), with respect to the Debtors:

    a.  the Foreign Representative shall be the representative of the Debtors with full authority to administer the Debtors' assets and affairs in the United States.

    b.  Section 362 of the Bankruptcy Code shall apply with respect to each of the Debtors and the property of each of the Debtors that is within the territorial jurisdiction of the United States. For the avoidance of doubt and without limiting the generality of the foregoing, this Order shall impose a stay within the territorial jurisdiction of the United States of:

        i.  the commencement or continuation, including the issuance or employment of process of, any judicial, administrative or any other

      action or proceeding involving or against the Debtors or their assets or proceeds thereof, or to recover a claim or enforce any judicial, quasi-judicial, regulatory, administrative or other judgment, assessment, order, lien or arbitration award against the Debtors or their assets or proceeds thereof, or to exercise any control over the Debtors' assets, located in the United States except as authorized by the Debtors in writing;

  ii.    the creation, perfection, seizure, attachment, enforcement, or execution of liens or judgments against the Debtors' property in the United States or from transferring, encumbering or otherwise disposing of or interfering with the Debtors' assets or agreements in the United States without the express written consent of the Foreign Representative;

  iii.    any act to collect, assess, or recover a claim against any of the Debtors that arose before the commencement of the Debtors' Chapter 15 Cases; and

  iv.    the setoff of any debt owing to any of the Debtors that arose before the commencement of the Debtors' Chapter 15 Cases against any claim against any of the Debtors;

Notwithstanding anything to the contrary contained in this clause b., or any other provision of this Order or otherwise, the stay imposed under 11 U.S.C. § 362: (A) subject to clause B., immediately below, shall be modified without further notice, application or order of the Court to extent necessary to permit the DIP Lender to perform any act authorized or permitted under or by virtue of this Order, the Canadian Order, and the DIP Term Sheet, as applicable with respect to the Debtors' assets and operations located within the territorial jurisdiction of the United States, including, without limitation, (i) to implement the postpetition financing arrangements authorized by this Order, (ii) to take any act to create, validate, evidence, attach, or perfect any lien, security interest, right, or claim in the Collateral, and (iii) to assess, charge, collect, advance, deduct, and receive payments with respect to the obligations due and owing to the DIP Lender (or any portion thereof), including, without limitation, all interest, fees, costs, and expenses permitted under the DIP Term Sheet, the Canadian Order, and/or applicable law; and (B) in accordance with and subject to the terms and conditions of the Canadian Order and the DIP Term Sheet (including, without limitation, the requirement of prior authorization of the court in the Canadian Proceeding) shall be terminated to permit the DIP Lender to enforce their respective rights and security interests against the Collateral in accordance with their respective contractual or other rights under the Canadian Order and the DIP Term Sheet.

c. Section 364 of the Bankruptcy Code is applicable with respect to each of the Debtors and the property of each of the Debtors that is within the territorial jurisdiction of the United States. For the avoidance of doubt and without limiting the generality of the foregoing, this Order recognizes, enforces, and is subject to the Canadian Order, including, and without limitation, this Order:

  i. shall grant to the DIP Lender senior priority liens and security interests in the Collateral located within the territorial jurisdiction of the United States pursuant to 11 U.S.C. § 364(d)(1) in respect of, and in accordance with, the DIP Facility and the DIP Term Sheet, subject to the Priming Liens;

  ii. finds, on a provisional basis, that any loans made by the DIP Lender in accordance with the DIP Term Sheet and the Canadian Order prior to the entry of the Recognition Order are extended in "good faith" as contemplated by 11 U.S.C. § 364(e), such that the validity of the obligations owing to the DIP Lender and the priority of the DIP Liens in respect of the Collateral located within the territorial jurisdiction of the United States shall not be affected by any reversal or modification of this Order on appeal or the entry of an order denying the Debtors' request for entry of the Recognition Order; and

  iii. approves the terms and conditions of the DIP Facility and the DIP Term Sheet to the extent provided for in the Canadian Order, and the Debtors shall be authorized and directed to comply with and perform under the DIP Term Sheet and the Canadian Order in all respects, including among other things, certain charges and security in the Debtors' property, including the Administrative Liens, the D&O Liens, and the DIP Liens, and the borrowing under the DIP Facility of up to an aggregate principal amount not exceeding $2,350,000 on the terms and conditions set forth in the DIP Term Sheet, Canadian Order, and DIP Budget, and all property of the Debtors in the territorial jurisdiction of the United States is subject to the Administrative Liens, the D&O Liens, and the DIP Liens.

d. for counterparties to certain of the Debtors' executory contracts and unexpired leases, 11 U.S.C. § 365(e) shall apply with respect to each of the Debtors and the property of each of the Debtors within the territorial jurisdiction of the United States;

e. the Foreign Representative shall have the rights and protections to which the Foreign Representative is entitled under Chapter 15 of the Bankruptcy Code, including, but not limited to, the protections limiting the jurisdiction of United States Courts over the Foreign Representative in accordance with

                11 U.S.C. § 1510 and the granting of additional relief in accordance with 11 U.S.C. §§ 1519(a)(3) and 1521; and

        f.        notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) this Order shall be effective immediately and enforceable upon entry, (ii) the Foreign Representative is not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order, and (iii) the Foreign Representative is authorized and empowered, and may, in its discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of the this Order.

    2.        The Foreign Representative, in connection with its appointment as the "foreign representative" in these cases, and the Debtors, are granted the full protections and rights available under 11 U.S.C. § 1519(a)(1)-(3).

    3.        The Canadian Order (as entered in the Canadian Proceeding), attached to this Order as <u>Exhibit 1</u>, is hereby given full force and effect on a provisional basis with respect to the Debtors and their property located in the territorial jurisdiction of the United States, including, without limitation, the sections of the Canadian Order (a) staying the commencement or continuation of any actions against the Debtors and their assets and (b) granting the Administrative Liens, D&O Liens, and DIP Liens.

    4.        Pending entry by this Court of the Recognition Order, the Foreign Representative and the Debtors are entitled to the benefits of, and may comply with, the terms and conditions of the Administrative Liens, D&O Liens, and DIP Liens, including, but not limited to, the payment of associated fees and expenses as they come due without further notice or order of this Court.

    5.        This Order shall be sufficient and conclusive notice and evidence of the grant, validity, perfection, and priority of the liens granted in the Canadian Proceedings as they apply to the Debtors and their property located in the territorial jurisdiction of the United States in respect of the Administrative Liens, D&O Liens, and DIP Liens without the necessity of filing or recording

this Order or any financing statement, mortgage, or other instrument or document which may otherwise be required under the law of any jurisdiction; provided that the Debtors are authorized to execute, and the DIP Lender may file or record, any financing statements, mortgages, other instruments to further evidence the validity, perfection, and priority of the liens granted in the Canadian Proceedings as they apply to the Debtors and their property located in the territorial jurisdiction of the United States.

6. The requirements set forth in Bankruptcy Rule 1007(a)(4)(B) are waived with respect to the provisional relief granted in this Order, to the extent such requirements have not already been satisfied.

7. Subject to the terms of the Canadian Order and the DIP Term Sheet, the banks and financial institutions with which the Debtors maintain bank accounts or on which checks are drawn or electronic payment requests made in payment of prepetition or postpetition obligations are authorized and directed to continue to service and administer the Debtors' bank accounts without interruption and in the ordinary course and to receive, process, honor and pay any and all such checks, drafts, wires and automatic clearing house transfers issued, whether before or after the Petition Date and drawn on the Debtors' bank accounts by respective holders and makers thereof and at the direction of the Foreign Representative or the Debtors, as the case may be.

8. The Foreign Representative is authorized to take all actions it deems necessary to effectuate the relief granted pursuant to this Order.

9. The Foreign Representative, the Debtors, and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or Local Rules. The Foreign Representative will serve, or cause to be served, this Order by hand delivery, overnight courier, or domestic or foreign mail, first-class postage prepaid and, for entities with addresses that are not in

the United States, upon the following entities or their counsel, if known: (i) the Debtors; (ii) all persons or bodies authorized to administer foreign proceedings of the Debtors; (iii) all entities against whom provisional relief is being sought under 11 U.S.C. § 1519, including all known creditors and contract-counterparties of the Debtors in the United States; (iv) all parties to litigation pending in the United States to which any of the Debtors is a party at the time of the filing of the Petition; (v) the Office of the United States Trustee for the District of Delaware; (vi) the attorneys general in the states in which the Debtors are incorporated; (vii) the Internal Revenue Service; (viii); the DIP Lender; and (ix) all other parties who have requested notice in these cases as of the date of such service.

10. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through these Chapter 15 Cases, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

12. To the extent of any conflict or inconsistency between this Order and the Canadian Order and the Foreign Representative's and Debtors' duties under the CCAA, the Canadian Order as amended, supplemented, or modified, shall control.